# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CODY CHRISTOPHERSON,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN STRATEGIC<br>INSURANCE CORPORATION,<br><br>                Defendant. | Case No. 19-CV-202-JPS<br><br><br>**ORDER** |

Plaintiff filed this action in Milwaukee County Circuit Court on January 9, 2019. (Docket #1-1 at 6–10). He alleges that he had a home insurance policy with Defendant. Two trees fell on his house in the summer of 2018, rendering the home uninhabitable. Plaintiff made a claim on his policy, but he asserts that Defendant wrongfully delayed its investigation and has refused to pay on the claim. During the pendency of Defendant's investigation, and pursuant to Wisconsin law, the building inspector for Plaintiff's municipality issued an order to raze the structure (the "Raze Order") because it was unsafe for habitation. Plaintiff provided the Raze Order to Defendant, but neither party challenged the order within the time and in the manner provided by law. Thus, according to Plaintiff, the Raze Order is now unappealable. Plaintiff now prays for payment on his insurance policy, consequential damages including emotional distress and loss of income, and punitive damages for Defendant's bad faith conduct.

Defendant removed the action to this Court on February 7, 2019, on the basis of diversity jurisdiction. (Docket #1). On February 20, 2019, Plaintiff filed a motion to remand the case back to Milwaukee County

Circuit Court pursuant to the *Rooker-Feldman* doctrine. (Docket #7); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* precludes lower federal courts from exercising what would effectively be appellate jurisdiction over final state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). It is "a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies narrowly because it runs counter to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Plaintiff's argument proceeds as follows. The Raze Order was not appealed as provided by law (he faults Defendant for this, though it is not clear who was truly responsible for an appeal). It is, of course, not an order of a state court, but in accordance with Plaintiff's reading of Wisconsin statutes and case law, he asserts that the Raze Order has the same force and effect as a state court judgment. Plaintiff further asserts that his claims are inextricably intertwined with the Raze Order. He does not, however, desire to challenge the Raze Order himself. Instead, Plaintiff is certain that Defendant will contest various aspects of the order in defending against his claims. Thus, Plaintiff believes that *Rooker-Feldman* precludes this Court exercising subject matter jurisdiction, because consideration of Defendant's defenses will involve interpretation of, and perhaps disagreement with, the Raze Order.

Plaintiff's arguments entirely miss the mark. *Rooker-Feldman* cannot be used *offensively* against a federal court defendant's anticipated, or even known, defenses. As plainly stated in the above quotation of *Lance*, the doctrine applies only to the claims for relief asserted by a federal court plaintiff. Indeed, Plaintiff has cited no binding authority where *Rooker-Feldman* has been applied in the manner he seeks here, including this Court's *Novoselsky* decision, upon which he primarily relies. *See Novoselsky v. Zvunca*, Case No. 17-CV-427-JPS, 2017 WL 3025870, at *2–5 (E.D. Wis. July 17, 2017) (applying *Rooker-Feldman* to the plaintiff's claims, which sought to either challenge, or at least interpret, a sanction order issued by a state court). Instead, the Seventh Circuit has spoken unmistakably on this issue:

> It isn't hard to find decisions in this circuit, and elsewhere, that extend the *Rooker Feldman* doctrine to any arguments that were, or could have been, presented in the state suit, even though the federal plaintiffs do not want the state judgment to be changed, by stating that the arguments are "inextricably intertwined" with the judgment. The phrase "inextricably intertwined" originated in *Feldman* itself, though it was put to different use. More recently, however, the Supreme Court has insisted that the jurisdictional *Rooker Feldman* doctrine be distinguished from principles of issue and claim preclusion.
>
> If a contention in federal litigation is intertwined with the state litigation only in the sense that it entails a factual or legal contention that was, or could have been, presented to the state judge, then the connection between the state and federal cases concerns the rules of preclusion, which are not jurisdictional and are outside the scope of the *Rooker Feldman* doctrine. Because the phrase "inextricably intertwined" has the potential to blur this boundary, it should not be used as a ground of decision. The vital question, the Justices stated in *Exxon Mobil*, *Lance*, and [*Skinner v. Switzer*, 562 U.S. 521 (2011)], is whether the federal plaintiff seeks the alteration of

a state court's judgment. The Milchteins do not, so the *Rooker Feldman* doctrine does not block this suit.

*Milchtein v. Chisholm*, 880 F.3d 895, 897–98 (7th Cir. 2018) (citations omitted).

As hinted at in *Milchtein*, what Plaintiff actually wants is a finding of preclusion. The Raze Order includes a number of findings and assertions that Plaintiff likes regarding the value of the home, the cost of repairs, and the fact that it is uninhabitable. Plaintiff does not want Defendant to be able to challenge any aspect of the Raze Order now that it stands unappealable. In fact, Plaintiff seeks to use the Raze Order as affirmative support for his claim to payment of the full limits of his insurance policy. But *Rooker-Feldman* is "not simply preclusion by another name." *Lance*, 546 U.S. at 466. "The doctrine applies only in limited circumstances, . . . where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Id.* (quotation omitted); *Exxon Mobil Corp.*, 544 U.S. at 292–93 (unlike *Rooker-Feldman*, "preclusion, of course, is not a jurisdictional matter"). Plaintiff has not done that, and so *Rooker-Feldman* does not apply.[1]

---

[1] The preclusive effect of the Raze Order is doubtful, in any event. Federal courts apply the preclusion law of the state which issued the judgment in question. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 562 (7th Cir. 2019); 28 U.S.C. § 1738. Issue preclusion "prohibits parties from relitigating an issue after a court considered the parties' arguments on that issue and resolved it in a manner that was essential to the court's judgment." *Id.* "In Wisconsin there are two prerequisites for issue preclusion to apply: (1) the question of fact or law that is sought to be precluded actually must have been litigated in a previous action and [have been] necessary to the judgment; and (2) the court must determine whether it is fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand." *Id.* (quotations omitted). Nothing having to do with this case has *actually* been litigated in any Wisconsin court.

The other preclusion doctrine is, of course, claim preclusion or *res judicata*. The doctrine "applies to all matters that were litigated or could have been litigated between the same parties or their privies" in a prior lawsuit. *Veit v. Frater*, 715 F. App'x 524, 527 (7th Cir. 2017). Wisconsin applies claim preclusion "when there is

Plaintiff's motion to remand must, therefore, be denied.² The parties filed a number of ancillary motions related to the motion to remand, which will likewise be denied. (Docket #15 and #18).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand (Docket #7) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file a sur-reply (Docket #15) and Plaintiff's motion to strike (Docket #18) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

(1) a prior suit that ended in a final judgment on the merits by a court of competent jurisdiction; (2) an identity of the causes of action in the two suits; and (3) an identity between the parties or their privies in the two suits." *Id.* Again, no courts of any kind have been involved in Plaintiff's claims prior to the filing of this action, and thus no causes of action have been asserted by anyone.

²Plaintiff raises a number of arguments for the first time in his reply brief, including a passing request for the Court to abstain from hearing this case. These arguments are waived. *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 636 (7th Cir. 2018).