# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CODY CHRISTOPHERSON,

          Plaintiff,

v.

AMERICAN STRATEGIC
INSURANCE CORPORATION,

          Defendant.

Case No. 19-CV-202-JPS

**ORDER**

Plaintiff had a policy of homeowners' insurance with Defendant. Two trees fell on Plaintiff's house in the summer of 2018, rendering the home uninhabitable. Plaintiff made claims on his policy for each instance of damage, but he asserts that Defendant wrongfully delayed its investigation and, as of the time of the filing of the complaint, had refused to pay the claims.

Unfortunately, Plaintiff's complaint is not the picture of clarity. He does not plead separate causes of action delineating precisely which wrongs he believes Defendant has committed. The only guidance Plaintiff gives on this matter is in his prayer for relief, wherein he requests "all attendant coverages not paid to date," "consequential damages," interest, and "extra-contractual damages including punitive damages and attorney fees[.]" (Docket #1-1 at 9). Though not part of the pleadings, the parties' Rule 26(f) report suggests that Plaintiff proceeds on claims for breach of contract and bad faith denial of insurance benefits. (Docket #8 at 2).

On May 17, 2019, Defendant filed a motion for a protective order, seeking to avoid responses to Plaintiff's discovery requests relating to his

bad faith claim. (Docket #28). In support, Defendant notes that it had paid Plaintiff various amounts prior to the filing of this action. *Id.* at 1–2. After filing, Plaintiff's counsel provided Defendant a figure comprising Plaintiff's "undisputed losses in the case." (Docket #31-3 at 1). Soon afterward, Defendant paid that amount. Defendant contends that this payment fully resolved Plaintiff's breach of contract claim, thereby precluding discovery on the bad faith claim.

To prove a bad faith claim in Wisconsin, "'a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.'" *Brethorst v. Allstate Prop. & Cas Ins. Co.*, 798 N.W.2d 467, 483 (Wis. 2011) (quoting *Anderson v. Cont'l Ins. Co.*, 271 N.W.2d 368, 376 (Wis. 1978)). Discovery on a bad faith claim is allowed to delve into matters usually protected by privilege, such as work product and attorney-client communications. *Brethorst*, 798 N.W.2d at 483. To protect insurance companies from this invasion of privacy, Wisconsin courts have limited access to discovery on bad faith claims. They require that plaintiffs proceeding on bad faith claims plead a breach of the underlying insurance agreement. *Id.* at 483–84. This makes sense because a breach of the agreement is a prerequisite to a bad faith claim. *Id.* at 482. *Brethorst* explains:

> [T]he insured may not proceed with discovery on a first-party bad faith claim until it has pleaded a breach of contract by the insurer as part of a separate bad faith claim and satisfied the court that the insured has established such a breach or will be able to prove such a breach in the future. Stated differently, an insured must plead, in part, that she was entitled to payment under the insurance contract and allege facts to show that her claim under the contract was not fairly debatable. To go forward in discovery, these allegations must withstand the insurer's rebuttal.

*Id.* at 483. In other words, "[t]he court must be satisfied that the claimed breach of contract is well founded and can be proved in the future." *Id.* at 484.

Defendant argues that by paying Plaintiff his full and "undisputed" losses in this case, he can no longer establish a wrongful denial of benefits. This, in turn, precludes Plaintiff from issuing discovery requests seeking evidence on his bad faith claim. Defendant's argument is, in essence, one for dispositive relief, suggesting that its payment renders summary judgment appropriate on Plaintiff's breach of contract claim, and without that claim, the bad faith claim falls away. At the very least, it seems that maintaining a bad faith claim through summary judgment and trial would be exceedingly difficult without any discovery from Defendant on the claim.

This is quite an assertion to make in a motion ostensibly seeking a protective order. Disappointingly, Plaintiff's response to Defendant's position is largely unhelpful. First, Plaintiff asserts that this Court must apply Wisconsin contract and tort law to this action. Why he presents this argument is inexplicable; the matter is not disputed.

Second, Plaintiff states that he has alleged that Defendant did indeed breach the parties' insurance agreement by delaying payment of his claim by at least four months. While he has pleaded this theory, Plaintiff has not provided any legal support for the proposition that a delay in payment of a claim constitutes a breach of the insurance agreement, as distinct from the issue of bad faith.

This matter is addressed, at least tangentially, by *Brethorst*, which suggests that mere delay cannot form the basis of a breach. This was to the chagrin of the *Brethorst* concurrence, which would have considered a breach

of the implied duty of good faith and fair dealing in insurance agreements as a sufficient foundation for a bad faith claim. *Brethorst*, 798 N.W.2d at 486–88 (Bradley, J., concurring). Whatever this Court's views on the matter, it is constrained to follow the majority opinion.

Plaintiff's primary citation, *Danner v. Auto-Owners Ins.*, 629 N.W.2d 159 (Wis. 2001), is not to the contrary. *Danner* stands for the unremarkable proposition that breach of the implied duty of good faith is a tort separate and apart from a breach of the contract. *Id.* at 168–73. *Brethorst* addressed the "question that this court avoided in *Danner*, namely, whether an insured's first-party claim of bad faith may exist in the absence of coverage or in the absence of some other breach of contract by the insurer." *Brethorst*, 798 N.W.2d at 478.[1]

The remainder of Plaintiff's brief discusses the irrelevant matter of various theories by which he might prove Defendant's bad faith. The only material question, however, is whether he can still prove Defendant's *breach*. *Brethorst*, 798 N.W.2d at 484. Without persuasive argument from Plaintiff on that point, the Court must conclude that he cannot. The Court will, therefore, grant Defendant's motion for a protective order.

Accordingly,

**IT IS ORDERED** that Defendant's motion for a protective order (Docket #28) be and the same is hereby **GRANTED**.

---

[1]To the extent other case authority exists on the issue which is favorable to Plaintiff, he has not cited it, and the Court cannot locate it on his behalf. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants.").

Dated at Milwaukee, Wisconsin, this 30th day of August, 2019.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge