# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CODY CHRISTOPHERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN STRATEGIC<br>INSURANCE CORPORATION,<br><br>                    Defendant. | Case No. 19-CV-202-JPS<br><br><br>**ORDER** |

On August 30, 2019, the Court granted a motion for a protective order filed by Defendant, barring Plaintiff from proceeding with discovery on his bad faith claim. (Docket #38). In support of that motion, Defendant argued that during the pendency of this case, it paid Plaintiff his undisputed losses in accordance with the terms of the underlying insurance agreement. Thus, in Defendant's view, Plaintiff finds himself unable to establish a breach of contract claim, and without that claim, he could not proceed with discovery on his claim of bad faith. Without so much as any meaningful argument to the contrary from Plaintiff, and in accordance with Wisconsin Supreme Court precedent, the Court agreed with Defendant. *See Brethorst v. Allstate Prop. & Cas Ins. Co.*, 798 N.W.2d 467, 483–84 (Wis. 2011) (a breach of contract is a prerequisite to a bad faith claim, and to obtain bad faith discovery, "[t]he court must be satisfied that the claimed breach of contract is well founded and can be proved in the future."). Critically, the Court found that Plaintiff had pointed to no authority stating that delaying payment of an insurance claim constitutes a breach of the insurance

agreement, as opposed to the separate matter of whether the delay would amount to bad faith. (Docket #38 at 3–4).

Plaintiff then filed a motion for reconsideration of that decision, which in fact appears to be a motion to clarify the Court's analysis. (Docket #41). Plaintiff requests that the Court explain whether 1) his breach of contract claim still lives and discovery may continue thereon, and 2) his bad faith claim is being deferred, rather than being dismissed outright. *Id.* His arguments proceed as follows. First, Plaintiff notes that Defendant did not request, and the Court did not issue, dispositive relief. (Docket #42 at 2–3). Second, Plaintiff states that he has properly pleaded a breach of contract. *Id.* at 3–5. This includes Plaintiff's contention that there *is* legal support for the view that delay in payment can be a breach in addition to being relevant to bad faith. *Id.* at 4–5 (citing *Anderson v. Continental Ins. Co.*, 271 N.W.2d 368, 693 (Wis. 1978)). Third, Plaintiff maintains that contrary to Defendant's position, he was not required to produce any evidence of a breach in response to the motion for a protective order, but rather could rest on his allegations. (Docket #42 at 5–6).

Defendant responds that, in light of *Brethorst*, Plaintiff was indeed obligated to come forward with some proof of a breach of contract beyond his pleadings. In fact, Defendant identifies its motion for a protective order as a "*Brethorst* motion," (Docket #43), implying that it imposed a special burden of response on Plaintiff. As quoted above, *Brethorst* requires that a plaintiff satisfy the Court that they could prove their breach of contract claim in the future. Defendant notes that it offered evidence that it had paid Plaintiff his undisputed losses in this case, albeit after the case was filed. Defendant reiterates that without a provable breach of contract claim, there can be no discovery on a bad faith claim. Defendant goes further,

suggesting that the Court should now dismiss both the breach of contract and bad faith claims because they cannot be proven. *Id.* at 5.

Indeed, Plaintiff was required to rebut this position either with evidence that Defendant had not fully satisfied his contract losses, or that Defendant's delay in payment could arguably be characterized as a breach of the contract. Plaintiff has made no attempt to prove the former. His citation to *Anderson* might have given the reader the impression that delay could form a breach, but Plaintiff badly misreads the opinion. Plaintiff summarizes the case as follows in his brief:

> Unreasonable delay in paying a claim is also a breach of contract. An insurer acts in violation of an insurance contract when "under the circumstances [it has] denied **or delayed** payment of the claim." [Emphasis supplied]." [*Anderson*, 271 N.W.2d at 377].

(Docket #42 at 4). But the cited portion of *Anderson* in no way supports this assertion. Rather, it states the common precept that the tort of bad faith can arise from delay. Indeed, to complete the very sentence Plaintiff quotes:

> *The tort of bad faith* can be alleged only if the facts pleaded would, on the basis of an objective standard, show the absence of a reasonable basis for denying the claim, i.e., would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances.

*Anderson*, 271 N.W.2d at 377 (emphasis added). Plaintiff offers no other legal support on this point.

As has been an unfortunate theme in this case, the Court is confronted with poor reasoning and legal analysis that fails to address the material issues at hand. Is Defendant correct that there is such a thing as a "*Brethorst* motion" which imposes a unique burden on plaintiffs when it is

filed? Is there any valid legal support for the notion that merely delaying payment of a claim can breach an insurance agreement? As explained in the August 30th decision, and this Order, the Court finds that the Defendant has the better argument on both questions. Inexplicably Plaintiff failed to file a reply to his motion for reconsideration, leaving Defendant's position unrebutted. *See* (Docket #45) (a notice that Plaintiff will rely on the arguments in his opening brief on the motion for reconsideration and will not be filing a reply).

Being presented no valid reasons to reconsider the August 30th Order, the Court must deny Plaintiff's instant motion. As to the other items for relief Plaintiff seeks, they are not properly posed as part of a motion for reconsideration. Instead, the Court believes that an explanation of its view of the case at this juncture will suffice. Both the breach of contract and bad faith claims remain, at least technically, active. The Court will not dismiss either at this juncture, as Defendant has not sought dispositive relief through an appropriate procedural vehicle.

Defendant may seek summary judgment on the breach of contract claim, asserting that Plaintiff has been fully compensated on his insurance claim, and thus cannot establish that the insurance agreement was breached. That motion may well prove successful unless Plaintiff is able to demonstrate that his insurance claim has not been entirely paid or provide persuasive authority that delayed payment of an insurance claim constitutes a breach of the underlying insurance contract. Should the breach of contract claim be dismissed then it would also follow that the bad faith claim is also subject to dismissal.

Given that the September 10th deadline for filing dispositive motions has passed, the Court herewith sets a new dispositive motion deadline of

**Monday, November 25, 2019**. If dispositive motions are filed, the Court will next schedule a new trial date and related deadlines after addressing the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #41) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge